NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 12 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| ROBERT RADCLIFFE; CHESTER CARTER; MARIA FALCON; CLIFTON C. SEALE III; ARNOLD LOVELL, Jr., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> JOSE HERNANDEZ; ROBERT RANDALL; BERTRAM ROBINSON; KATHRYN PIKE; LEWIS MANN, <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC; TRANS UNION LLC, <br><br> Defendants-Appellees. | No.  18-55606 <br><br> D.C. No. 8:05-cv-01070-DOC-MLG <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted November 7, 2019
Pasadena, California

Before:   FARRIS and McKEOWN, Circuit Judges, and KENDALL,[**] District Judge.

Objecting Plaintiffs (Radcliffe, et al.) appeal the district court's approval of a pre-certification class action settlement between Settling Plaintiffs (Hernandez, et al.) and Defendants (Experian, et al.).   We review the approval of a class-action settlement for abuse of discretion.   *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 963 (9th Cir. 2009).   We will affirm unless the district court applied an incorrect legal standard or based its decision on unreasonable findings of fact.   *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1038 (9th Cir. 2011).   We hold that the district court did not abuse its discretion in finding that the settlement as a whole was "fair, reasonable, and adequate."   Fed. R. Civ. P. 23(e)(2).   While we affirm the settlement, we remand to the district court for recalculation of the attorneys' fee award to Settling Counsel.

The parties are familiar with the facts and claims so we do not repeat them here.   In *Radcliffe v. Experian Info. Solutions [Radcliffe I]*, 715 F.3d 1157 (9th Cir. 2013), a panel of this court held that class representatives and class counsel

_____

[**]   The Honorable Virginia M. Kendall, United States District Judge for the Northern District of Illinois, sitting by designation.

had conflicts of interest that prevented them from adequately representing the class. *Id.* at 1163. This court reversed and remanded.

On remand after *Radcliffe I*, the district court re-appointed Settling Counsel as class counsel and this court affirmed. *Radcliffe v. Hernandez [Radcliffe II]*, 818 F.3d 537 (9th Cir. 2016). On remand after *Radcliffe II*, the Settling Parties negotiated a revised settlement. In its order appointing them as class counsel, the district court specifically noted that Settling Counsel would "accept the costs of re-notice." We quoted this language in *Radcliffe II* when we affirmed the district court's order. Our decision in *Radcliffe II* was thus explicitly predicated on the fact that Settling Counsel would "accept the costs of re-notice." *Id.*

The district court devoted much attention to a comparison between the two settlements and approved the settlement in part because it found that the second settlement brought greater net benefits to the class than the first. But, the second settlement did not need to be as good as the first, nor must it necessarily have been approved if it was better. Rule 23(e)(2)'s flexible standard is satisfied so long as the settlement is "fair, reasonable, and adequate" on its own merits. Further, we review the adequacy of a settlement based on the "settlement as a whole, rather than the individual component parts." *Staton v. Boeing Co.*, 327 F.3d 938, 960 (9th Cir. 2003) (quotation omitted); *see also Rodriguez*, 563 F.3d at 960–61

3

(concluding that conditional incentive agreements created a conflict of interest, but affirming approval of the settlement).

We are satisfied that the district court did not abuse its discretion in approving the settlement. The district court duly analyzed each of the factors considered in *Staton* and deemed the settlement substantively adequate. *See Staton*, 327 F.3d 959 (listing factors relevant to adequacy of class action settlement). Objecting Plaintiffs' optimistic valuation of Defendants' potential liabilities was undercut by substantial litigation risks, which drastically reduced the expected value of the class's claims. The parties sharpened their valuations of the case over 14 years of contested litigation, not to mention four trips to this court on appeal. They settled on terms mutually agreeable to the parties involved (except, of course, Objecting Plaintiffs).

The district judge—who knew more about the parties' litigating positions than anybody and, notably, had insight into future rulings on class certification and other issues that would be reviewable only on a deferential standard of review—deemed the settlement adequate. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) (noting that approval of a settlement is "committed to the sound discretion of the trial judge because he is 'exposed to the litigants, and their strategies, positions and proof'") (quoting *Officers for Justice v. Civil Serv.*

4

*Comm'n*, 688 F.2d 615, 626 (9th Cir. 1982)).   Even if the district court overvalued the worth of the non-monetary benefits, the settlement was adequate.

Likewise, we reject Objecting Plaintiffs' assertion that the settlement fails to "treat[] class members equitably relative to each other."   Fed. R. Civ. P. 23(e)(2)(D).   Rule 23's flexible standard allows for the unequal distribution of settlement funds so long as the distribution formula takes account of legitimate considerations and the settlement remains "fair, reasonable, and adequate."   Fed. R. Civ. P. 23(e)(2).   Settling Plaintiffs sought to provide additional relief to plaintiffs who alleged more concrete material harms than other class members. Nothing in Rule 23—and no precedent cited by Objecting Plaintiffs—prohibits parties from tying distribution of settlement funds to actual harm.

Objecting Plaintiffs' final contention is that Settling Counsel created a conflict of interest by opting to "repay" its debt to the class in new benefits rather than deducting the costs of re-notice from the fee award.   As is, this contention is less easily dismissed.   At the very least, the structure of the attorneys' fee award in this case created the possibility of a conflict of interest with the class.

That said, multiple factors counsel restraint.   Most importantly, given that Rule 23's flexible standard governs this dispute, we conclude that the settlement is fair and that Settling Counsel ably represented the class.   In *Rodriguez*, we

5

approved a class action settlement even though we held that class counsel and five of the seven class representatives had a conflict of interest. 563 F.3d at 961 (holding that settlement was substantively fair and reasonable to the class). The *Rodriguez* factors are present here.

There is a further factor here that weighs in favor of approving the settlement. This long-standing dispute has cost the parties a great deal already. Further time spent litigating will serve only to devour more and more of the settlement fund, which would be better spent providing relief to injured parties. Settling Plaintiffs and Defendants have achieved a mutually agreeable solution, though not without each side feeling the predictable pains of negotiation. We are satisfied that the settlement provides adequate relief to the class.

In light of our decision in *Radcliffe II*, however, we remand for reconsideration of the attorneys' fee award. Settling Counsel were duty-bound to reimburse the class for the waste of settlement funds caused by the ethical conflict in *Radcliffe I*. We recognize that the district court's fee calculation appears to have taken into account Settling Counsel's "debt" to the class in other ways, such that it may be unwarranted for the district court to simply subtract the $6 million estimated cost of re-notice from the $8,262,848 fee award currently in place. We

leave specific calculations up to the discretion of the district court, but specifically note *Radcliffe II*'s insistence that Settling Counsel pay the full cost of re-notice.

We affirm the district court's approval of the settlement. We reverse and remand the award of attorneys' fees to class counsel for recalculation of the fee award in line with this court's opinion in *Radcliffe II*.

**AFFIRMED IN PART; REVERSED AND REMANDED IN PART.**

Each party shall bear its own costs on appeal.